## POWELL v. SCHENCK.

(Supreme Court, Appellate Division, Second Department.   June 9, 1896.)

1. APPEAL—LEAVE TO WITHDRAW—JURISDICTION OF SPECIAL TERM.
    The special term of the supreme court has no power to grant leave to withdraw an appeal which has been taken to the court of appeals.

2. CONTEMPT—FAILURE TO PAY COSTS OF MOTION.
    Where a motion made by plaintiff in an action has been denied with costs and disbursements, plaintiff's attorney is not guilty of contempt in procuring an order preferring the case on the calendar before the costs granted on denial of such motion have been paid.

Appeal from special term, Kings county.

Action by Henry A. Powell, as assignee, against John P. Schenck. From an order granting leave to plaintiff to withdraw an appeal taken by him to the court of appeals, and from an order denying a motion to punish plaintiff's attorney for contempt, and denying a motion to vacate an order preferring the case on the calendar, defendant appeals.   The first order reversed and the second order affirmed.

Argued before BROWN, P. J., and PRATT, CULLEN, BARTLETT, and HATCH, JJ.

George A. Stearns, for appellant.
Gustave Hurlimann, for respondent.

PER CURIAM.   There are two appeals in this action before the court.   The first is from an order which granted the plaintiff leave to withdraw an appeal taken by him to the court of appeals from an order of the general term which reversed an order requiring the defendant to serve a bill of particulars.   This leave was granted upon condition that the plaintiff pay to the defendant the sum of $40 costs.   The appellant asks us to reverse this order, on the ground that the motion should have been addressed to the court of appeals, and that the supreme court was without jurisdiction to make it.   We think this point is well taken, but as it is stated upon the briefs of both parties that since the order appealed from was made, leave to withdraw the appeal was granted by the court of appeals, the defendant is not prejudiced by the order, and justice will be promoted by reversing it, without costs.

The second appeal is from an order which denied a motion to punish the plaintiff's attorney for contempt, and also denied a motion to vacate an order preferring the case upon the calendar for trial. It appears that the order which required the defendant to serve a bill of particulars was reversed by the general term, with $10 costs and disbursements, and the motion was denied with $10 costs.   The alleged contempt consisted in procuring the order preferring the case on the calendar before the costs granted by the general term had been paid.   We are of the opinion that this act did not constitute a contempt within the definition of that offense in section 14 of the Code of Civil Procedure.   The case was one which was entitled to be preferred for trial.   Code Civ. Proc. § 791, subd. 5.   Assuming that the defendant is right in his contention that the plain-

tiff was not justified in making a motion for preference while the costs were unpaid, still, upon the defendant's motion to vacate the order which granted the preference, the whole case was before the court, and it was entirely proper for the special term then to make such an order as the facts warranted.    The order appealed from in substance vacated the preference, unless the plaintiff paid to the defendant's attorney the costs allowed by the general term.    We see no reason to interfere with this order, and it must be affirmed, with $10 costs and disbursements.

Order granting. leave to withdraw appeal to the court of appeals reversed, without costs.    Order denying motion to punish for contempt, and also denying motion to vacate an order to prefer the case on the calendar for trial, affirmed, with $10 costs and disbursements.